UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK W. SWAIL,

                          Petitioner,

    -vs-                                     **DECISION AND ORDER**
                                                      No. 06-CV-6242(VEB)

CARL HUNT, Superintendent,

                          Respondent.
_____

**I.    Background**

*Pro se* petitioner Mark Swail ("Swail" or "petitioner"), by a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenges the constitutionality of his state-custody as a result of a judgment of conviction entered in Monroe County Court on June 27, 2002. The proof at trial showed that petitioner, carrying a shotgun, appeared at the home of his estranged wife, despite the fact that there was an order of protection enjoining him from coming to her house. Mrs. Swail testified that her husband threatened her and when she refused to let him in, he broke into the house. Responding to Mrs. Swail's 911 call, police arrived at her residence, where they arrested petitioner and seized the loaded and operable shotgun which he had brandished against his wife. See T.214-234, 252-256, 305-316, 354. The jury returned a verdict convicting Swail of Criminal Trespass, for which he received one year in jail; of Burglary in the First Degree, for which he received a five-year sentence to run concurrently with the Criminal Trespass sentence; and Criminal Contempt, for which he received another concurrent sentence of one year.

The parties have consented to final disposition of this matter by a magistrate judge

pursuant to 28 U.S.C. § 636(c)(1).

In support of his petition, Swail contends that (1) the evidence supporting the conviction for burglary was legally insufficient and violated his right to due process (Grounds One and Three of the Petition); (2) the trial court erroneously responded to the jury's question regarding "intent" as an element of burglary; (3) he may have been convicted of "unindicted crimes" as a result of an erroneous jury instruction; and (4) his trial counsel provided ineffective assistance.

Respondent answered the petition, interposing the defense of procedural default and non-exhaustion. Respondent also argues that, notwithstanding the procedural hurdles faced by petitioner, none of his claims warrant habeas relief.

For the reasons that follow, the request for a petition of habeas corpus is denied, and the petition is dismissed.

## II. Discussion

### A. General Legal Principles

#### 1. Procedural Default

A procedural default generally bars a federal court from reviewing the merits of a habeas claim. *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977). Thus, federal habeas review is prohibited if a state court rests its judgment on a state law ground that is "independent of the federal question and adequate to support the judgment." *Cotto v. Herbert*, 331 F.3d 217, 238 (2d Cir.2003) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). A state procedural bar qualifies as an "independent and adequate" state law ground if "the last state court rendering a judgment in the case clearly and expressly stated that its judgment rest[ed] on a state procedural bar." *Levine v. Commissioner of Corr. Servs.*, 44 F.3d 121, 125 (2d Cir.1995) (quoting *Harris v.*

*Reed*, 489 U.S. 255, 263 (1989)). The Second Circuit has made clear that "federal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate ground, even where the state court has also ruled in the alternative on the merits of the federal claim." *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir.1990). Thus, "federal habeas review is precluded 'as long as the state court explicitly invoke[d] a state procedural bar rule as a separate basis for decision.'" *Id.* (quoting *Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989)). A state procedural bar will generally be adequate to preclude habeas review if it is "firmly established and regularly followed." *Lee v. Kenna*, 534 U.S. 362, 376 (2002) (quotation omitted)).

A habeas petitioner can overcome a procedural bar if he can show both "'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'" *Smith v. Murray*, 477 U.S. 527, 533 (1986) (quoting *Wainwright v. Sykes*, 433 U.S. at 84); *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986); *accord*, *e.g.*, *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 633 (2d Cir.2001). The Supreme Court has described "actual prejudice" as occurring when, for example, the petitioner shows "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). A habeas petitioner establishes "cause" if he can show that "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. at 496. An example of cause for default is a "showing that the factual or legal basis for a claim was not reasonably available" at the time preservation was required. *Id.*; *see also Reed v. Ross*, 468 U.S. 1, 15-16 (1984) ("Counsel's

failure to raise a claim for which there was no reasonable basis in existing law does not seriously implicate any of the concerns that might otherwise require deference to a State's procedural bar."); *Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir.1994). Ineffective assistance of counsel may constitute cause for a petitioner's failure to pursue a constitutional claim, *e.g.*, *Edwards v. Carpenter*, 120 S.Ct. 1587, 1591 (2000), but in order to constitute cause, counsel's ineffectiveness must itself rise to the level of a constitutional violation, *id.* (stating that "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is itself an independent constitutional claim" (emphasis in original)).

An alternative manner of overcoming a procedural default is for petitioner to show "failure to consider [the claim] . . . will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. at 750. However, this exception is limited to the "extraordinary" case where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

### 2. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 372 U.S. 362, 375-76 (2000). An "adjudication on the merits" is a substantive, rather than a

procedural, resolution of a federal claim. *Sellan v. Kuhlman*, 261 F.3d 303, 313 (2d Cir. 2000).

Federal habeas review is available for a State prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Errors of state law are not subject to federal habeas review. *See*, *e.g.*, *Estelle v McGuire*, 502 U.S. 62, 67-68 (1991); *Cupp v Naughten*, 414 U.S. 141, 146 (1970).

### B. Analysis of Petitioner's Claims

#### 1. Grounds One and Three of the Petition: The evidence supporting the first degree burglary conviction was legally insufficient.

Respondent argues that Swail's claim of insufficiency of the evidence is procedurally defaulted as a result of the state appellate court's reliance upon an adequate and independent state ground to dismiss it. As respondent points out, the Appellate Division found that Swail waived this claim by not renewing his motion after the defense presented evidence. *See People v. Hines*, 97 N.Y.2d 56, 61, 736 N.Y.S.2d 643, 762 N.E.2d 329 (N.Y.), *rearg. denied*, 97 N.Y.2d 678, 738 N.Y.S.2d 292, 764 N.E.2d 396 (N.Y.2001).[1] The New York Court of Appeals explained in *Hines*, "an insufficiency [of the evidence] argument may not be addressed unless it has been properly preserved for review during the trial." Once a defendant presents evidence on a charge at his trial, he subsequently waives any argument going to the sufficiency of the evidence for purposes of appellate review. *Hines*, 97 N.Y.2d at 61, 736 N.Y.S.2d 643, 762 N.E.2d 329 (quotation and citations omitted). In other words, a defendant's introduction of proof in his

---

[1] The fact that the Appellate Division also went on to hold that the evidence was legally sufficient to support the verdict does not negate the finding of an adequate-and-independent state ground, for when a state court says that a claim is "not preserved for appellate review" and then rules "in any event" on the merits, such a claim is not preserved. *Glenn v. Bartlett*, 98 F.3d 721, 724-25 (2d Cir.1996) (citing *Harris v. Reed*, 489 U.S. 255, 264 n. 10, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (explaining that "a state court need not fear reaching the merits of a federal claim in an alternative holding" so long as it explicitly invokes a state procedural rule as a separate basis for its decision).

behalf at trial renders futile an earlier-made motion for dismissal based on insufficiency of the prosecution's evidence. *Id.*; *see also People v. Kirkpatrick*, 32 N.Y.2d 17, 21, 343 N.Y.S.2d 70, 295 N.E.2d 753 (N.Y.1973) ( "However, it is settled that a defendant who does not rest after the court fails to grant a motion to dismiss at the close of the People's case, proceeds with the risk that he will inadvertently supply a deficiency in the People's case.") (citing, *inter alia*, *United States v. Calderon*, 348 U.S. 160, 164 n. 1 (1984) ("By introducing evidence, the defendant waives his objections to the denial of his motion to acquit.")).

This is what occurred here. Swail testified in his own behalf. Because he presented a defense, it appears that under New York law, the motion for a trial order of dismissal made by trial counsel prior to the defense case was nullified by the presentation of evidence on Swail's behalf. As there was no additional motion for a trial order of dismissal after the defense rested, any claim Swail had regarding the legal insufficiency of the evidence was not properly preserved for appellate review.

On the instant record, Swail is unable to establish cause for the default or prejudice attributable thereto. Ineffective assistance of counsel can constitute "cause" but only if it amounts to truly deficient representation as measured by Federal constitutional standards, and if the claim of ineffective assistance has been separately exhausted in the state courts. Here, Swail cannot use trial counsel's failure to renew the motion for a trial order of dismissal as "cause" to excuse the procedural default since he cannot demonstrate the necessary element of prejudice flowing from counsel's omission. This is because the Appellate Division considered the "insufficiency of the evidence" claim on the merits notwithstanding the lack of preservation and concluded that there was legally sufficient evidence to support the jury's guilty verdict. Furthermore, Swail has not

come forward with new evidence tending to demonstrate that he is factually innocent, and so cannot fulfill the requirements of the "fundamental miscarriage of justice" exception. Accordingly, the "insufficiency of the evidence" claim is dismissed on the basis that it is subject to an unexcused procedural default.

### 2. Ground Two: The trial court failed to properly respond to a jury question.

On direct appeal, the Appellate Division found Swail's claim that the trial court's failure to properly respond to a jury question to be unpreserved for review. *People v. Swail*, 19 A.D.3d 1013, 1013, 796 N.Y.S.2d 797, 799 (App. Div. 4th Dept. 2005) ("Defendant did not object to the supplemental charge given by County Court in response to a question from the jury, and thus he has failed to preserve his contention with respect to that charge for our review (*see People v. Marzug*, 280 A.D.2d 974, 975, 721 N.Y.S.2d 220, *lv. denied* 96 N.Y.2d 904, 730 N.Y.S.2d 801, 756 N.E.2d 89)"). Respondent asserts that the Appellate Division's reliance upon the "contemporaneous objection" rule constitutes an adequate and independent basis for precluding federal habeas review of this claim. New York's preservation doctrine, codified in New York Criminal Procedure Law § 470.05(2), requires that a criminal defendant make a timely and specific objection to the alleged error in order to preserve the objection for appellate review. *People v. Hawkins*, 11 N.Y.3d 484, 492 (2008); *People v. Hines*, 97 N.Y.2d at 62. With regard to the necessity of making a timely objection to an allegedly erroneous jury instruction, New York's preservation rule is "firmly established and regularly followed," *e.g.*, *People v. Taylor*, 17 A.D.3d 174, 175, 793 N.Y.S.2d 29, 30 (App. Div. 1st Dept. 2005) ("Although defendant objected to the court's decision to permit the jury to take notes, he did not object to the court's cautionary

instructions or suggest different language. Accordingly, defendant's challenge to the adequacy of those instructions is unpreserved and we decline to review it in the interest of justice."). Thus, I find that the Appellate Division's ruling on this issue qualifies as an independent and adequate state law ground precluding federal habeas review. The Court agrees that the jury instruction claim is procedurally defaulted. *See Reyes v. Keane*, 118 F.3d 136, 137) (2d Cir. 1997) ("There is no doubt or dispute that Reyes procedurally defaulted by not raising his jury instruction claim before the state trial court."). For the same reasons discussed in Section 1 of this Decision and Order, *supra*, Swail has not made the required showing to excuse the procedural default.

### 3. Ground Four: Violation of due process as a result of petitioner potentially having been convicted of unindicted crimes.

In ground four of his habeas corpus petition, Swail contends, as he did on direct appeal, that reversal of his burglary conviction is required because the Assistant District Attorney stated in his closing that defendant violated the order of protection at several stages of the incident and thus the jury may have convicted defendant of unindicted crimes, "resulting in usurpation by the prosecutor of the exclusive power of the [g]rand [j]ury to determine the charges" (*People v. McNab*, 167 A.D.2d 858, 858, 562 N.Y.S.2d 590). This claim pertains to the criminal contempt offense charged in the third count of the indictment, which alleged that Swail committed first degree criminal contempt in violation of Penal Law §215.51(b)(i) when, in violation of an order of protection, he intentionally placed or attempted to place his estranged wife in reasonable fear of injury or death by displaying a shotgun. Only one act of first degree criminal contempt–that is, the display of the shotgun–was charged. However, the prosecutor argued in summation that Swail had violated the order of protection in other ways before he violated it by placing her in

fear by displaying the shotgun. On direct appeal, a majority of the Appellate Division rejected this claim. *People v. Swail*, 19 A.D.3d at 1013-14, 796 N.Y.S.2d 797 at 799 (majority opn.).One justice dissented, however:

> The third count of the indictment, as limited by the People's bill of particulars, charges defendant with criminal contempt in the first degree (Penal Law § 215.51(b)(i)) for "intentionally placing or attempting to place [his wife] in reasonable fear of physical injury, serious physical injury or death by displaying a loaded shotgun," thereby violating a "no contact" order of protection. The prosecutor stated on summation that defendant violated the order of protection when he approached his wife's house carrying a shotgun and talked to his wife through the door, and also violated the order of protection when he broke into the house and entered with the shotgun. "Thus, '[i]t is impossible to ascertain . . . whether different jurors convicted defendant based on different acts'" under the third count of the indictment (*People v. Burns*, 303 A.D.2d 1032, 1033, 757 N.Y.S.2d 199, quoting *People v. McNab*, 167 A.D.2d 858, 858, 562 N.Y.S.2d 590). Because defendant was charged with a single count of criminal contempt in the first degree, and the jury may have found him guilty based on distinct acts characterized by the prosecutor as violating the order of protection, "defendant's right to have charges preferred by the[g]rand [j]ury rather than the prosecutor at trial was violated" (*People v. George*, 255 A.D.2d 881, 881, 681 N.Y.S.2d 717).

*People v. Swail*, 19 A.D.3d 1013, 1015, 796 N.Y.S.2d 797, 799 (Green, J., dissenting).

To the extent that Swail is arguing that his right to a grand jury was violated, this does not state a federal constitutional claim cognizable on habeas review. New York's constitution creates a right to indictment by a grand jury for felony charges. *See* N.Y. Const., art. 1 § 6 ("No person shall be held to answer for a capital or otherwise infamous crime . . . unless on indictment of a grand jury"). "Moreover, state law governs how these proceedings are to be conducted and creates the remedies for any procedural violations. Thus, any alleged impropriety in petitioner's grand jury proceeding arises out of state law and cannot form the basis for federal habeas relief." *Price v. Grenier*, No. 98 Civ.2601 LTS MHD, 2003 WL 22890404, at *6 (S.D.N.Y. Oct. 16, 2003) (citing *Hutchings v. Herbert*, 260 F. Supp.2d 571, 577 (W.D.N.Y.2003) (Larimer, D.J.)

(holding that petitioner's grand jury claim was purely a matter of state law and thus did not present a cognizable federal habeas claim). "The Supreme Court has long held that the United States Constitution's Fifth Amendment provision for presentment or indictment by grand jury does not apply to the several states through the Fourteenth Amendment; in short, there is no federal constitutional right to be indicted by a grand jury prior to trial in a state criminal action." *Velez v. People of State of N.Y.*, 941 F.Supp. 300, 315 (E.D.N.Y.1996) (citing, *inter alia*, *Alexander v. Louisiana*, 405 U.S. 625, 633, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972)*; Hurtado v. California*, 110 U.S. 516, 538 (1884); *Cobbs v. Robinson*, 528 F.2d 1331, 1334 (2d Cir.1975)*, cert. denied*, 424 U.S. 947, 96 S.Ct. 1419, 47 L.Ed.2d 354 (1976)). There is thus no right protected by the federal constitution guaranteeing a defendant to have his indictment returned by a grand jury.

However, some issues related to the indictment can give rise to constitutional claims. The indictment must provide the defendant with fair notice of the accusations against him, so that he will be able to prepare a defense. The indictment prevents the prosecutor from usurping the powers of the Grand Jury by ensuring that the crime for which defendant is tried is the same crime for which he was indicted, rather than some alternative seized upon by the prosecution in light of subsequently discovered evidence. In other words, the indictment serves to protect a defendant from variances in proof. Finally, an indictment prevents later retrials for the same offense in contravention of the constitutional prohibition against double jeopardy. From a federal constitutional standpoint, proof at trial that varies from the indictment potentially compromises the functions of the indictment to guarantee the defendant his Sixth Amendment right to fair notice of the charges against him. *United States ex rel. Richards v. Bartlett*, No. CV-92-2448,

1993 WL 372267, at *4 (E.D.N.Y. Sept. 9, 1993) ("However, the general rule that an accusatory allegation, such as an indictment, and proof at trial must correspond rests not. only upon the grand jury clause of the Fifth Amendment but also on the requirements (1) that the accused be protected against another prosecution for the same offense; and (2) that the accused be informed of the charges against him, so that he may present his defense without being taken by surprise by evidence offered at trial. *Berger v. United States*, 295 U.S. 78, 82 (1935)."). To the extent that Swail is claiming a variance in proof, such an argument is cognizable on habeas review. *Bartlett*, 1993 WL 372267, at *4 ("Since these requirements reflect double jeopardy and due process considerations– protected under the Fourteenth Amendment as well as the Fifth–variance between accusatory allegations and proof at trial is cognizable in a federal habeas corpus petition.") (citing *Udzinski v. Kelly*, 734 F. Supp. 76, 83 (E.D.N.Y. 1990) (examining variance between judge's charge and indictment where habeas petition was brought pursuant to 28 U.S.C. § 2254); *Mokone v. Kelly*, 680 F. Supp. 679, 681-82 (S.D.N.Y. 1988) (same); *United States v. Crocker*, 568 F.2d 1049, 1059 (3d Cir.1977) ("The variance rule, to the extent that it is constitutionally required, is more of a due process rule. . . .").

Here, the Court does not find that the majority of the Appellate Division unreasonably applied federal law or unreasonably determined the underlying facts. Fairly analyzed, the proof presented by the prosecutor did not vary from the allegations of the indictment. The indictment alleged that defendant had committed the charged offense (criminal contempt) by displaying a shotgun in order to place the victim in reasonable fear of injury or death. The intent to commit criminal contempt was necessary to the first degree burglary charge, which requires a breaking and entering of a dwelling-place with the intent to commit a crime therein. The Appellate

Division observed that "[d]efense counsel conceded in his opening statement and on summation that defendant was guilty of criminal contempt in the first degree, but argued that defendant did not have the intent to commit criminal contempt as an element of the crime of burglary in the first degree." However, Swail's wife provided testimony that contradicted Swail's purported lack of intent: she testified that, when Swail broke into the house holding the shotgun, he stated, "I know I'm violating the order of protection, but I'm not going without a fight." Thus, the Appellate Division found, the prosecution "established each of the elements of the crime of burglary in the first degree and did not seek to convict defendant of any other crimes." This was not an unreasonable determination of the facts in light of the evidence presented, 28 U.S.C. § 2254(d)(2); nor was it an unreasonable application of clearly established federal law, 28 U.S.C. § 2254(d)(1).

The real impropriety, in this Court's view, is to be found in the prosecutor's comments to the jury that petitioner violated the order of protection in other ways before he violated it by placing his wife in fear of injury or death by means of displaying the shotgun. In other words, the prosecutor's argument essentially misstated the facts in evidence when he said that Swail violated the order of protection in other ways besides by displaying the gun to her; although there was testimony that Swail committed the acts in question, only *one* act (i.e., the display of the shotgun) was alleged in the indictment as the basis for the criminal contempt charge. However, no objection was registered to this, and no claim of prosecutorial misconduct ever was raised in state court. Thus, a stand-alone claim of prosecutorial misconduct is not presently before the Court. Although this argument was ill-advised and the prosecutor should have known better, any prejudice to Swail was blunted by the trial court's instructions. First, the jury was asked to render

a verdict on first degree burglary by considering whether Swail intended to commit criminal contempt in connection with his act of displaying the shotgun to the victim. Second, the jury was charged that the arguments of counsel were not evidence. In sum, I do not find that Swail's due process right to a fundamentally fair trial was impaired such that habeas relief is warranted.

### 4. Ground Five: Ineffective assistance of trial counsel.

Both the Appellate Division on direct appeal, and the trial court on Swail's motion to vacate the judgment, summarily rejected Swail's contentions concerning the defectiveness of his attorney's performance. The state courts did not unreasonably apply federal law in so doing.

In order to establish a claim of ineffective assistance of counsel, a defendant must show that his counsel provided deficient representation when compared to prevailing professional norms of practice, and that counsel's errors caused his client to suffer prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Prejudice requires a demonstration of a "reasonable probability" of a more favorable result. *See id.* A reviewing court may review the *Strickland* prongs in either order, and there is no reason to consider both if a petitioner makes an inadequate showing on one. *Id.* at 697.

Swail's claim of ineffective assistance of trial counsel is premised in part on counsel's failure to preserve the insufficiency-of-the-evidence argument and the supplemental jury instruction argument. Swail cannot demonstrate that he was prejudiced by trial counsel's failure to preserve the insufficiency claim by means of a renewed motion for a trial order of dismissal after the defense case, because the Appellate Division considered the merits of the insufficiency claim, notwithstanding the lack of preservation. The Appellate Division concluded that the evidence was legally sufficient to support the verdict and, moreover, that the verdict was not

against the weight of the credible evidence.

With regard to the failure to object to the supplemental jury instruction, Swail cannot demonstrate that it was professionally unreasonable for counsel not to lodge an objection, because the supplemental instruction was entirely proper and there was no colorable basis to object. The jury presented a note to the trial court asking, "Does intent have to include the planning for all four elements of criminal contempt?" In attempting to answer the jury's question, the trial court explained that the defendant, rather than "planning" to commit a felony, must "intend" to commit the crime when he enters a building in order to be guilty of burglary, and that the crime intended could be either first or second degree criminal contempt. I agree with respondent that the trial court did not mislead the jury into concluding that Swail's intent to commit any crime would suffice to satisfy the element of intent for burglary.

Swail also contends that trial counsel failed to timely advise him of his right to appear before the grand jury. New York courts have consistently held that counsel's failure to ensure that the defendant testifies before the grand jury, without more, does not amount to ineffective assistance of counsel. *Lucius v. Filion*, 431 F. Supp.2d 343 (W.D.N.Y. 2006) (Bianchini, M.J.) (citations omitted). Furthermore, Swail has failed to demonstrate how he was prejudiced by failing to appear before the grand jury since he has given the Court no reason to believe that his testimony would have resulted in the grand jury returning no bill or an indictment with less serious offenses. *See Saldana v. State of N.Y.*, 850 F.2d 117, 119 (2d Cir. 1988) ("Saldana is not entitled to relief in the federal courts because the State's failure to allow him to testify before the grand jury could not have made any constitutional difference because he suffered no prejudice. A review of the State's case presented at the trial (as recited in the People's brief, and largely

uncontradicted by petitioner), shows how unlikely it is that any testimony by Saldana himself–if indeed he would ever have testified–could have made any difference in the charges filed by the grand jury.").

Next, according to Swail, trial counsel erroneously failed to investigate an alleged defense of "extreme intoxication." The Supreme Court cautioned in *Strickland* that "there are countless ways to provide effective assistance in a given case" and that "even the best criminal defense attorneys would not defend the particular client the same way." 466 U.S. at 689. Determinations regarding the defense strategy adopted at trial are among the "virtually unchallengeable" tactical decisions left to the judgment of trial counsel. *See United States v. Simmons*, 923 F.2d 934, 956 (2d Cir.) (defendant's dissatisfaction with counsel's trial strategy does not establish ineffectiveness), *cert. denied*, 500 U.S. 919 (1991); *United States v. DiTommaso*, 817 F.2d at 215 (lack of success of strategy chosen and pursued by trial counsel does not warrant second-guessing by court). "Actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance." *Mason v. Scully*, 16 F.3d 38, 42 (2d Cir. 1994) (internal quotation omitted); *accord United States v. Smith*, 198 F.3d 377, 386 (2d Cir. 1999) (reasonably made strategic calls do not support ineffective assistance claim); *United States v. Eisen*, 974 F.2d 246, 265 (2d Cir. 1992) (stating that "decisions that fall squarely within the ambit of trial strategy, . . . if reasonably made, cannot support an ineffective assistance claim") (internal quotation omitted), *cert. denied*, 507 U.S. 998 (1993). A reviewing court therefore "may not use hindsight to second-guess [counsel's] strategy choices." *Mayo v. Henderson*, 13 F.3d at 533.

Here, Swail cannot meet the first prong of the *Strickland* test since he plainly is challenging a strategic decision that was reasonably made–in which case, it cannot support an

ineffective assistance claim. *See Mayo v. Henderson*, 13 F.3d at 533.

Where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, "the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). At the outset, the Court notes that intoxication is not actually a complete affirmative defense to a criminal charge; it rather merely reduces the gravity of the offense by negating the specific intent element of the crime charged. *People v. Harris*, 98 N.Y.2d 452, 474 n. 4, 475, 749 N.Y.S.2d 766, 779 N.E.2d 705 (N.Y. 2002) (citing N.Y. PENAL LAW § 15.25). While the requisite level of intoxication "need not be to the extent of depriving the accused of all power of volition or of all ability to form an intent," *People v. Kastenhuber*, 57 A.D.2d 655, 393 N.Y.S.2d 480 (App. Div. 3d Dept. 1977) (internal quotation and citation omitted), the degree of intoxication that a defendant must demonstrate is quite high, *see, e.g.*, *People v. Monroe*, 277 A.D.2d 598, 716 N.Y.S.2d 114 (App. Div. 1st Dept. 2000) (rejecting contention that counsel should have argued intoxication defense; defendant's conduct in driving his vehicle away from the scene, his actions upon apprehension and his ability to repeatedly recount his detailed version of the events "simply d[id] not evince incapacitating intoxication"). Here, the prosecution's proof showed that Swail, at the time he illegally entered his estranged wife's home, declared that he knew he was violating the order of protection, and that he was going to continue doing so. His actions following that assertion reflected his reflected his stated intent and "simply d[id] not evince incapacitating intoxication," *People v. Monroe*, 277 A.D.2d at 598. Swail has not established that he had a colorable defense of intoxication, and so he could not have been prejudiced by trial counsel's failure to raise this issue. Furthermore, it was not unreasonable for

trial counsel to fail to raise a partial affirmative defense that had no realistic likelihood of success.

Finally, Swail contends that counsel was ineffective in failing to request that the trial court charge the jury regarding the affirmative defense that the shotgun was not loaded and operable.[2] No reasonable view of the evidence supported such a charge. The gun was loaded when seized by the police and, during his testimony, Swail admitted that he loaded the gun while in the victim's house. Because the evidence did not support a charge regarding the affirmative defense, Swail has failed to establish either the absence of a legitimate explanation for counsel's decision not to request such an instruction, or a reasonable probability that such a charge would have been issued by the trial court, even if requested.

## III. Conclusion

For the reasons set forth above, Mark Swail's request for a writ of habeas corpus is denied and the petition is dismissed. Because Swail has failed to make a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

/s/ Victor E. Bianchini
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated:    October 12, 2010
              Rochester, New York

---

[2] *See* N.Y. PENAL LAW § 140.30 ("A person is guilty of burglary in the first degree when he knowingly enters or remains unlawfully in a dwelling with the intent to commit a crime therein, and when in effecting entry or while in the dwelling or in immediate flight therefrom, he or another participant in the crime . . . displays what appears to be a pistol, revolver, rifle, shotgun, machine gun, or other firearm; except that . . . it is an affirmative defense that such pistol, revolver, rifle, shotgun, machine gun, or other firearm was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged.").